**Board of Mgrs. of the 432 Park Condominium v 56th & Park (NY) Owner, LLC**

2025 NY Slip Op 31369(U)

April 17, 2025

Supreme Court, New York County

Docket Number: Index No. 655617/2021

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. MELISSA A. CRANE**      PART        **60M**

*Justice*

-------------------------------------------------------------------------------X

BOARD OF MANAGERS OF THE 432 PARK
CONDOMINIUM, ON BEHALF OF THE INDIVIDUAL UNIT
OWNERS  AND THE COMMERCIAL UNIT OWNERS,
BOARD OF MANAGERS OF THE COMMERCIAL
SECTION OF THE 432 PARK CONDOMINIUM, BOARD OF
MANAGERS OF THE RESIDENTIAL SECTION OF THE
432 PARK CONDOMINIUM, ON BEHALF OF THE
INDIVIDUAL  UNIT OWNERS,

Plaintiff,

- v -

56TH AND PARK (NY) OWNER, LLC,RYAN HARTER,
HARRY MACKLOWE,

Defendant.

-------------------------------------------------------------------------------X

56TH AND PARK (NY) OWNER, LLC

Plaintiff,

-against-

LEND LEASE (US) CONSTRUCTION LMB INC., SLCE
ARCHITECTS LLP, WSP USA BUILDINGS, INC. F/K/A, WSP
USA BUILDINGS, INC. F/K/A WSP CANTOR SEINUK
STRUCTURAL ENGINEERS, ROWAN DAVIES, IRWIN, INC.,,
JENKINS AND HUNTINGTON, INC., VDA, INC.

Defendant.

-------------------------------------------------------------------------------X

HARRY MACKLOWE

Plaintiff,

-against-

432 PARK PROPERTIES INC.

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655617/2021 |
| MOTION DATE | 01/08/2025, 02/14/2025, 02/24/2025 |
| MOTION SEQ. NO. | 025 026 027 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595204/2022

Second Third-Party
Index No.  595923/2022

655617/2021   BOARD OF MANAGERS OF THE 432 PARK CONDOMINIUM, ON BEHALF OF THE
INDIVIDUAL UNIT OWNERS  AND THE COMMERCIAL UNIT OWNERS ET AL vs. 56TH AND
PARK (NY) OWNER, LLC ET AL
Motion No.  025 026 027

Page 1 of 6

LEND LEASE (US) CONSTRUCTION LMB INC.

Plaintiff,

-against-

RAEL AUTOMATIC SPRINKLER COMPANY, INC., ASM MECHANICAL SYSTEMS, A.S.R. ELECTRICAL CONTRACTING, INC., CELTIC SHEETMETAL, INC., COMPONENT ASSEMBLY SYSTEMS, INC., IDA EXTERIOR SYSTEMS, LLC, L.I.F. INDUSTRIES, INC., MAYRICH CONSTRUCTION CORP., PARAMOUNT PLUMBING CO. OF NY, INC., ROGER & SONS CONCRETE, INC., NICHOLAS & GALLOWAY, INC., A&H CUSTOM MACHINE LTD., TAYLOR DEVICES, INC., METROPOLITAN WALTERS, LLC, SCHINDLER ELEVATOR CORPORATION, JOHN DOES

Defendant.
--------------------------------------------------------------------------------X

Third Third-Party
Index No. 595956/2022

CELTIC SHEETMETAL, INC.

Plaintiff,

-against-

INTERNATIONAL ASBESTOS REMOVAL, INC. F/K/A JOHN GRANDO, INC., PREMIER INSULATION SERVICES CORP., PRECISION TEST AND BALANCE OF NY CORP.

Defendant.
--------------------------------------------------------------------------------X

Fourth Third-Party
Index No. 595257/2023

MAYRICH CONSTRUCTION CORP.

Plaintiff,

-against-

STARBRITE WATERPROOFING CO. INC., CIVETTA-COUSINS JV, L.L.C.

Defendant.
--------------------------------------------------------------------------------X

Fifth Third-Party
Index No. 595301/2023

ROGER & SONS CONCRETE, INC.

Plaintiff,

-against-

FERRARA BROS. BUILDING MATERIALS CORP., DOKA USA LTD., RETECH SYSTEMS LLC, STARBRITE WATERPROOFING CO., INC., DYWIDAG-SYSTEMS

Sixth Third-Party
Index No. 595305/2023

655617/2021   BOARD OF MANAGERS OF THE 432 PARK CONDOMINIUM, ON BEHALF OF THE INDIVIDUAL UNIT OWNERS  AND THE COMMERCIAL UNIT OWNERS ET AL vs. 56TH AND PARK (NY) OWNER, LLC ET AL
Motion No.  025 026 027

Page 2 of 6

2 of 6

[* 2]

INTERNATIONAL, USA, INC., FALCON STEEL COMPANY, INC., HILTI, INC., FERRARA BROS. LLC, SMYRNA READY MIX CONCRETE LLC, SRM CONCRETE LLC, NUCOR HARRIS REBAR NORTHEAST LLC

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 025) 916, 917, 918, 919, 920, 921, 923, 926, 927, 928, 929, 930, 931, 932, 933, 934, 935, 936, 937, 938, 939, 940, 941, 942, 943, 944, 945, 946, 947, 948, 949, 950, 951, 952, 953, 954, 955, 956, 957, 958, 959, 960, 961, 985, 986, 987, 988, 989, 990, 991, 992, 993, 994, 995, 996, 997

were read on this motion to/for           AMEND CAPTION/PLEADINGS    .

The following e-filed documents, listed by NYSCEF document number (Motion 026) 963, 964, 965, 966, 967, 968, 969, 970, 971, 972, 973, 974, 975, 976, 977, 978, 979, 980, 981, 982, 983, 984, 1012, 1013, 1014, 1015, 1016, 1017, 1023

were read on this motion to/for           ENFORCEMENT    .

The following e-filed documents, listed by NYSCEF document number (Motion 027) 998, 999, 1000, 1001, 1002, 1003, 1004, 1005, 1006, 1007, 1008, 1009, 1010, 1011, 1018, 1019, 1020, 1021, 1022, 1024

were read on this motion to/for           ENFORCEMENT    .

The motions are decided in accordance with the reasoning on the record of 4/17/2025.

The motion to amend (motion 25) and its cross motion for sanctions are denied. Motions 26 and 27 to enforce a settlement are granted.

With respect to the motion to amend, as more fully discussed on the record, the discovery schedule has been extended numerous times. After the last time plaintiffs moved to amend (motion 9), the court granted the motion, but found it necessary to put parameters around potential future amendments. On the record on the May 3, 2023 transcript [see EDOC 932], the court stated: "However, going forward, should plaintiffs discover additional defects, they can have 30 days to raise their suspicions with defendants, and 45 days after raising those suspicions to amend if they are going to do so. All right?"

Here, it does not appear that plaintiffs met those parameters. Meanwhile, discovery has progressed to the point that fact discovery is more or less closed. The parties are now in the

655617/2021   BOARD OF MANAGERS OF THE 432 PARK CONDOMINIUM, ON BEHALF OF THE INDIVIDUAL UNIT OWNERS AND THE COMMERCIAL UNIT OWNERS ET AL vs. 56TH AND PARK (NY) OWNER, LLC ET AL
Motion No. 025 026 027

Page 3 of 6

3 of 6

[* 3]

expert discovery phase [see EDOC 922 indicating that fact discovery closed on 12/31/2024]. The court thanks Judge Andrew Peck, who has acted as Special Master on discovery issues, for getting the parties to this point on this factually intense case.

Allowing plaintiffs to amend to assert <u>fraud</u> claims for millions of dollars against defendants 56th and Park (NY) Owner, LLC ("Sponsor"), WSP USA Buildings, Inc., and SLCE Architects LLP will open up months of additional fact discovery, including, but not limited to, plaintiffs' reasonable reliance. There is also a potential statute of limitations issue, so there will certainly be the inevitable motions to dismiss. All this will slow down a case that is already almost four years old.

There is no prejudice to plaintiffs who can assert these claims in a separate action, while the procedural posture of this case is such that allowing the amendment now would seriously prejudice the more peripheral defendants. These parties have been paying lawyers for years while parties and claims keep being added having nothing to do with them. It is time to allow expert discovery in the main action to finish and for summary judgment motions or trial to occur.

The court denies the cross motion for sanctions. This motion was not frivolous in any way.

The motions (26 and 27) to enforce the settlement between plaintiffs reached by and between Plaintiffs, 56th and Park (NY) Owner ("Sponsor"), LLC, Lendlease (US) Construction LMB Inc. ("Lendlease"), Skyline and S&S Manufacturing, Inc. ("S&S") are granted pursuant to the reasoning on the record. Namely on February 19, 2024, plaintiff's attorney wrote to Andre Major, counsel for Skyline, that the agreement was in place:

> <u>I believe we are good to go with he [sic] agreement</u> so you should send it to counsel for Lend Lease and Sponsor to approve. One thing, you mention Certain Underwriters at Lloyd's, which I assume is your client's carrier, in the release

**655617/2021   BOARD OF MANAGERS OF THE 432 PARK CONDOMINIUM, ON BEHALF OF THE INDIVIDUAL UNIT OWNERS AND THE COMMERCIAL UNIT OWNERS ET AL vs. 56TH AND PARK (NY) OWNER, LLC ET AL**
**Motion No. 025 026 027**

**Page 4 of 6**

4 of 6

[* 4]

section. If you need to list them, I think you need to have a representative sign for them. Otherwise, <u>we should be able to wrap this up</u> this week

[EDOC 1006 emphasis added].

Thus, the only remaining conditions to settlement were for Lend Lease and Sponsor to approve, which they did. Contrary to plaintiffs' arguments, there is nothing equivocal about this language that includes the statement "we should be able to wrap this up." Nowhere does plaintiffs' former counsel suggest there was anything additional that needed to occur beyond the Sponsor's approval.

Plaintiffs' contention that the Sponsor changed the agreement at the last minute is meaningless. This is because section C of the Settlement Agreement the parties exchanged on May 23, 2024, containing the release, did not change [see Exhibit G to the Affirmation of Andre Major, Esq, dated February 24, 2025 [EDOC 1008 pg 5 of document (electronic page 6)]. This section, states that:

> **432 Park Board, Sponsor, Lendlease** and the Settling Defendants <u>understand</u> that by signing this Settlement Agreement, **they are releasing**<u>, fully, finally and</u> forever, and as set forth more fully herein, **all of their past, present and future claims against one another concerning or in any way relating to the Released Claims**. In addition, 432 Park Board, Sponsor, Lendlease and the Settling Defendants hereby knowingly and voluntarily promise and covenant not to sue each other with respect to the Released Claims. 432 Park Board, Sponsor, Lendlease and the Settling Defendants understand that this Release ends, fully and forever, all Released Claims. By settling now, **432 Park Board**, Sponsor, Lendlease and the Settling Defendants understand that **they cannot later sue** each other **with respect to any damages that they may become aware of in the future** which are the subject of the Released Claim

> (emphasis added).

Any additional language the Sponsor may have suggested does not change the broad scope of this release.

655617/2021   BOARD OF MANAGERS OF THE 432 PARK CONDOMINIUM, ON BEHALF OF THE INDIVIDUAL UNIT OWNERS AND THE COMMERCIAL UNIT OWNERS ET AL vs. 56TH AND PARK (NY) OWNER, LLC ET AL
Motion No. 025 026 027

Page 5 of 6

5 of 6

Finally, S&S and Skyline relied on this settlement and dropped out of participation in discovery. Plaintiffs never suggested to these defendants that they might want to recommence participation because there was no settlement. Plaintiffs' argument that there was no authority for plaintiffs' former counsel to enter into this settlement because plaintiff is a board of directors is a non sequitur that lacks support.

The court has considered the parties' remaining contentions and finds them unavailing.

Accordingly, it is

ORDERED THAT the motion and cross motion in motion sequence 25 are denied and motions 26 and 27 are granted.

2025041713272MACRANEBDC8B647ABE0417ABC9F20E1D198BEF1

| 4/17/2025 | | | | |
|-----------|---|---|---|---|
| **DATE** | | | **MELISSA A. CRANE, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

655617/2021   BOARD OF MANAGERS OF THE 432 PARK CONDOMINIUM, ON BEHALF OF THE
INDIVIDUAL UNIT OWNERS  AND THE COMMERCIAL UNIT OWNERS ET AL vs. 56TH AND
PARK (NY) OWNER, LLC ET AL
Motion No.  025 026 027

Page 6 of 6

[* 6]

6 of 6